**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 3, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA LEE WIGGINS,

Defendant - Appellant.

No. 24-2153
(D.C. No. 1:21-CR-00987-MV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Joshua Lee Wiggins pleaded guilty to being a felon in possession of a firearm

and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924.  He then served

alternating terms of incarceration and supervised release.  Not long after his second

supervised-release term began, Mr. Wiggins's probation officer alleged that he had

violated his release conditions.  He admitted the violations and the district court

revoked his release, sentencing him to fourteen months in prison with no additional

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release.  Mr. Wiggins appealed, challenging both the revocation of his supervised release and the sentence imposed following revocation.

The plea agreement underlying Mr. Wiggins's §§ 922(g)(1) and 924 convictions contained an appeal waiver.  And after he initiated this appeal, the government moved to enforce the waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).  In response, Mr. Wiggins's counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967).  Finding that the appeal involved a non-frivolous question about the waiver's scope, we denied both motions.

Then, while the appeal was still pending, Mr. Wiggins completed his sentence and was released from custody.  Following his release, Mr. Wiggins's counsel again moved to withdraw, and the government moved to dismiss the appeal as moot.[1]

We must determine whether we have jurisdiction over an appeal before we address its merits.  *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007).  And our jurisdiction only extends to "[c]ases" or "[c]ontroversies." U.S. CONST. art. III, § 2, cl. 1.  In practice, this case-or-controversy requirement means that a party seeking relief must have an actual injury that is likely to be

---

[1] Mr. Wiggins objects that the government's motion to dismiss was filed more than fourteen days after his notice of appeal and therefore, absent good cause, was untimely under 10th Cir. R. 27.3(A)(3)(a).  But the motion "raises jurisdictional issues that we would examine in any event." *United States v. Springer*, 875 F.3d 968, 971 n.2 (10th Cir. 2017).  And "[o]ur interpretation that Rule 27.3(A) requires a timely motion or a showing of good cause . . . does not apply to jurisdictional challenges." *United States v. Winter Rose Old Rock*, 76 F.4th 1314, 1317 n. 3 (10th Cir. 2023).

redressed by a favorable judicial decision. *Vera-Flores*, 496 F.3d at 1180. If a party no longer suffers from a redressable injury, the case becomes moot, and we no longer have jurisdiction. *Id.* In other words, an appeal fails to satisfy the case-or-controversy requirement "when the injury for which an appellant seeks judicial relief disappears or is resolved extrajudicially prior to the appellate court's decision." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000).

Ongoing incarceration satisfies the case-or-controversy requirement. *Id.* But when a defendant completes his sentence before his appeal is resolved, we "must determine whether sufficient collateral consequences flow from the underlying judgment and the completed sentence to save the appeal from mootness." *Id.* We presume sufficient collateral consequences exist "when a defendant who has already served his sentence appeals the propriety of his initial conviction." *Id.* By contrast, when a defendant appeals the revocation of his supervised release and has completed the sentence imposed upon revocation, he "bears the burden of demonstrating the existence of actual collateral consequences resulting from the revocation." *Id.* at 719.

Mr. Wiggins appeals the revocation of his supervised release and his revocation sentence, not "the propriety of his initial conviction," so he is not entitled to the presumption that sufficient collateral consequences exist to save his appeal from mootness. *Id.* at 718. Thus, Mr. Wiggins must demonstrate "actual collateral consequences" from the revocation. *Id.* at 719. He has not met this burden.

First, the injury from Mr. Wiggins's fourteen-month revocation sentence "disappear[ed] . . . prior to the appellate court's decision," when he completed his

3

sentence and was released under no further term of supervised release. *Id.* at 718. Moreover, when, as here, "a defendant appeals the revocation of his supervised release and resulting imprisonment and has completed that term of imprisonment, the potential impact of the revocation order and sentence on possible later sentencing proceedings does not constitute a sufficient collateral consequence to defeat mootness." *Id.* at 722. Finally, Mr. Wiggins does not assert any actual collateral consequences from the revocation. Therefore, because he has not met his burden to demonstrate collateral consequences, we conclude that Mr. Wiggins's appeal is moot.

In sum, we lack jurisdiction to entertain the merits of Mr. Wiggins's appeal. Accordingly, we grant both the government's motion to dismiss and Mr. Wiggins's counsel's motion to withdraw.

Entered for the Court


Nancy L. Moritz
Circuit Judge